D/F

Mr. Oscar Rhodes
#00-A-7092
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, New York 12582

April 30, 2010

Honorable Allyne R. Ross
District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Rhodes v. Ercole
    07-CV-1039 (ARR)

Dear Honorable Ross:

    I respectfully request that Your Honor construe this letter as a formal motion pursuant to Local Rule 6.3 and Federal Rule Civil Procedure 60 (b)(1) to reconsider and vacate Your Honor's May 11, 2009 Opinion and Order of denial. That Order denied my petition for a writ of habeas corpus.

### Background

    Rhodes conviction stems from the August 3, 1997 shooting death of Abdullah Cakirca in the Astoria section of Queens.

### Procedural History

    On October 3, 2000, a jury trial commenced in the Supreme Court, Queens County.
    On October 19, 2000 the jury returned a verdict of guilty for murder in the second degree (intentional) and criminal possession of a weapon in the second degree.
    On December 4, 2000 Rhodes was sentenced to concurrent terms of 25 years to life and 10 years.
    Rhodes direct appeal was affirmed and he was denied leave to appeal to the New York State Court of Appeals.

*Handwritten annotation:* Petitioner's motion for reconsideration is denied as untimely. So ordered. S/ Judge Ross, USDJ 5/20/10 cc: Mr. Rhodes

-1-

Honorable Allyne R. Ross
April 30, 2010
Page 2

    Rhodes filed three C.P.L. §440.10 motions for Ineffective Assistance of Trial Counsel and all three motions were denied.

    Rhodes filed two petitions for a Writ of Error Coram Nobis for Ineffective Assistance of Appellate Counsel which were all denied.

    Rhodes filed a petition for a Writ of Habeas Corpus on March 25, 2007.

    Your Honor denied Rhodes petition for a writ of habeas corpus and no certificate of appealability was granted on May 11, 2009.

    On August 13, 2009 Rhodes filed a request for a Certificate of Appealability to the U.S. Court of Appeals, Second Circuit.

    On November 5, 2009 the U.S. Court of Appeals for the Second Circuit denied the motion and dismissed the appeal.

    On January 22, 2010 Rhodes files a petition for a Writ of Certiorari to the United States Supreme Court.

It was placed on the docket for February 26, 2010 as No. 09-9278.

    On April 19, 2010 the petition for a writ of certiorari was denied.

## Rhodes' Motion Should Be Granted

    Your Honor ruled that petitioner has failed to make a "substantial showing of the denial of a constitutional right" 28 U.S.C. §2253(c)(2)(1996).

    With respect, that conclusion is erroneous. The fact that the petitioner's defense from the on-set and at trial was based on his statements were the result of physical coercion, abuse and threats, and, that detective Thomas Lockwood provided a tailored and detailed statement, the Courts' denial of any

Honorable Allyne R. Ross
April 30, 2010
Page 3

form of cross-examination deprived petitioner the right to a fair trial as well as a right to present a defense, in violation of petitioner's due process rights.

Brian Miles, the original suspect in this case made an incriminating statement to another person in the presence of another saying he (Brian Miles) shot Mr. Abdullah Cakirca over fare dispute, in which Mr. Cakirca took out a gun and an struggle ensued, on Monday August 5, 1997, 2 days after the shooting and 5 days before petitioner's name was implicated.

The record reflects at a side bar that the Trial Court's prcluded an area essential to the petitioner's case and precluded him from presenting a defense. And while defense counsel detective Lockwood about the circumstances of petitioner's interrogation, he also asked detective Lockwood if it was true or false that Brian Miles made the same statement, TT 437-441.

While it goes to the issue of whether the petitioner was coerced, it also tended to show another person committed the crime for which petitioner was charged and **would have** raised a **reasonable doubt** of petitioner's guilt. In violation of Due Process.

Any legal evidence tending to show the commission by another person of the crime charged may be introduced by the accused when it raises a reasonable doubt of his own guilt, 41 CJS Homicide §216, pp. 56-58 (1991). Such evidence may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative, remote, does not tend to prove or disprove a material fact in issue at the defendant's trial, 40A Am.Jur.2d, Homicide §286, pp. 136-138 (1999). Counsel was thwarted in

-3-

Honorable Allyne R. Ross
April 30, 2010
Page 4

his attempt to present this portion of petitioner's defense by the strict application of the Court and by his own ineffectiveness when the Court asked counsel in the presence of the jury, "Who is Brian Miles?" And counsel, instead of answering in the presence of the jury, to plant the seed of reasonable doubt in their mind, asked to approach the bench instead, TT. 437.

Petitioner's writ of habeas corpus should have been granted, this did not just merely cast a bare suspicion upon another, or raise a conjectural inference as to the commission of the crime by another. State and Federal rule-makers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials, see Holmes v. South Carolina 547 US 319, 324 (2006). However, this latitude is limited, by a defendant's constitutional rights to due process and to present a defense, rights originating in the 6th and 14th Amendments.

Even if this statement was hearsay, the Supreme Court ruled the exclusion of such evidence deprived defendant of his right to present a defense. It further held that when a hearsay statement bears "persuasive assurances of trustworthiness" and is critical to the defense, it may not be excluded by a "mechanistic" application of State hearsay rules, see Chambers v. Mississippi 410 us at 302 (1973).

The total exclusion of any form of cross-examination of the initial suspect's self-incriminating statement rose to the level of a due process violation, see Chia v. Cambra 360 F.3d 997, 1003-1004 (2004). The Supreme Court has made clear that the erroneous exclusion of critical, corroborative defense evidence may violate both the 5th Amendment due process right

Honorable Allyne R. Ross
April 30, 2010
Page 5

to a fair trial and the 6th Amendment right to present a defense, citing Chambers. Federal law as determined by the Supreme Court is clear that due process requires that the "minimum essentials of a fair trial" include a "fair opportunity to defend against the State's accusations" and the right "to be heard in one's defense."

Whether the exclusion of witness testimony violated defendant's rights to present a defense depends upon whether the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist, see Justice v. Hoke 90 F.3d 43, 47 (2d Cir 1996); US v. Agurs 427 US 97, 112 (1976).

Under New York law, the evidence, testimony and involuntary statement did not support an conviction of "intentional" murder. At best, a reasonable view would have supported manslaughter two or criminally negligent homicide, also agreed to by Trial Court, TT 648.

Petitioner was prejudiced by both trial and appellate counsel because their decisions and lack of deprived petitioner of the effective assistance and representation of trial and appellate counsel guaranteed by the State and Constitution and any chance of acquittal, conviction of a lesser-included offense, reversal or modification on appeal.

For these reasons, this Court should reconsider and vacate its Order.

Respectfully,

Mr. Oscar Rhodes

cc:file
   Queens Co. District Attorneys Office
   125-01, Queens Boulevard
   Kew Gardens, New York 11415

**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK 12582-4000

NAME: *Mr. Oscar Rhodes*   DIN: *00A7092*
*H309*

GREENHAVEN
★
CORRECTIONAL FACILITY

$ 00.44⁰
MAILED FROM ZIP CODE 2582

URGENT LEGAL MAIL

To: U.S. District Court
Eastern District of New York
ATTN: Honorable Allyne R. Ross
District Judge
225 Cadman Plaza East
Brooklyn, New York 11201.